# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **LAURA LONGWELL,** *Plaintiff* | § § § | |
| v. | § § | Case No. 1:19-CV-557-RP |
| **WYND TRAVEL CHOICE GLOBAL, INC.,** *Defendant* | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff's Notice of Motion for Default Judgment, filed June 10, 2020. Dkt. 18. On November 2, 2020, the District Court referred the motion to the undersigned for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.     Background

On May 28, 2019, Plaintiff Laura Longwell filed suit against Defendant Wynd Travel Choice Global, Inc. ("Wynd Travel") for copyright infringement under Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501, and for removal or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b). Longwell alleges that she created a photograph of the town of Fredericksburg, Texas (the "Photograph"); that she is the author of the Photograph; and that she has been the sole owner of all right, title, and interest in and to the Photograph, including the copyright, at all times. Complaint, Dkt. 1 ¶¶ 7-8. Longwell also alleges that she registered the

Photograph with the United States Copyright Office. *Id.* ¶ 9. She has not, however, alleged when she registered the Photograph or provided a copy of the certificate of registration.

Longwell now seeks a default judgment on both claims and the following remedies:

- $3,000 in actual damages for copyright infringement under 17 U.S.C. § 504(b);

- $10,000 in statutory damages under 17 U.S.C. § 1203(c)(3)(B) for unauthorized alteration or removal of copyright management information, in violation of 17 U.S.C. § 1202(b);

- $2,550 in attorneys' fees and $440 in costs, pursuant to 17 U.S.C. § 1203(b)(5); and

- Post-judgment interest, under 28 U.S.C. § 1961.

Dkt. 18 at 1-2.

Longwell served her Complaint on Wynd Travel on September 9, 2019. Dkt. 7. Wynd Travel has made no appearance and failed to properly plead, respond, or otherwise defend.[1] On May 7, 2020, the clerk granted Longwell's motion for an entry of default. Dkt. 17.

## II.   Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. Even where the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

---

[1] Wynd Travel's Answer was stricken as impermissibly filed by a pro se corporate defendant. *See* Dkt. 11.

### III.    Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

#### A.  Jurisdiction

When a party seeks entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because this case involves claims under the Copyright Act and the DMCA, it invokes the Court's original federal question subject matter jurisdiction and its jurisdiction over copyright actions. 28 U.S.C. §§ 1331, 1338. With respect to personal jurisdiction, Longwell alleges that Wynd Travel "is a domestic business corporation duly organized and existing under the laws of the State of Texas, with a place of business at 5321 Industrial Oaks #126, Austin, Texas 78735." Complaint, Dkt. 1 ¶ 6. Taking this factual allegation as true, the Court finds that Longwell has pleaded facts sufficient to establish personal jurisdiction over Wynd Travel.

#### B.  Liability

Courts have developed a three-part test to determine whether to enter a default judgment. First, the court considers whether entry of default judgment is procedurally warranted. Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. Finally, the court determines what relief, if any, the plaintiff should receive. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

##### 1.  Procedural Requirements

In determining whether a default judgment is procedurally warranted, courts in the Fifth Circuit consider the following factors:

> (1) whether material issues of fact are at issue;
>
> (2) whether there has been substantial prejudice;
>
> (3) whether the grounds for default are clearly established;
>
> (4) whether the default was caused by a good faith mistake or excusable neglect;
>
> (5) the harshness of a default judgment; and
>
> (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

On balance, the *Lindsey* factors weigh in favor of a finding that default judgment is procedurally warranted. First, because Wynd Travel has not filed an answer or any responsive pleadings, there are no material facts in dispute. *Nishimatsu*, 515 F.2d at 1206 (stating that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, "Defendant's failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex., Oct. 5, 2011). Third, the grounds for default are "clearly established," as Wynd Travel was properly served but has not properly responded. Fourth, because Wynd Travel has failed to appear, the Court can find no good-faith mistake or excusable neglect on its part. The amount of a default judgment totaling nearly $16,000 may or may not be particularly "harsh" in this case, but the Court is unaware of any facts giving rise to good cause to set aside default judgment in this case if challenged by Wynd Travel. Accordingly, the Court concludes that default judgment is procedurally warranted.

### 2. Sufficiency of Plaintiff's Complaint

Next, the Court must assess the substantive merits of Longwell's claims and determine whether there is a sufficient basis in the pleadings for the judgment requested. Default judgment is proper only if the well-pleaded factual allegations in Longwell's Complaint establish a valid cause of

action. *See Nishimatsu*, 515 F.2d at 1206. Courts are to assume that by its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.*; *see also United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). However, "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

    a. **Copyright Infringement**

To succeed on a claim for copyright infringement, a plaintiff generally must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

With respect to the first element, Longwell alleges that the Photograph is registered with the United States Copyright Office. A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright. *Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020).

Longwell, however, fails to satisfy the second element. A plaintiff can raise an inference of factual copying from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work, and (2) probative similarity. *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020). Longwell has not alleged when she created the Photograph, or even that she did so before Wynd Travel's alleged copying. Nor has she stated when the registration issued or submitted a copy of the registration certificate from which that information could be ascertained. Because she has not alleged that she created the Photograph before Wynd Travel allegedly copied it, the undersigned finds that there is not a sufficient basis in the pleadings for a judgment on Longwell's copyright infringement claim.

### b. Violation of the Digital Millennium Copyright Act

Longwell also alleges that Defendant violated Section 1202(b) of the DMCA, which provides in relevant part that: "No person shall, without the authority of the copyright owner or the law— (1) intentionally remove or alter any copyright management information . . . ." Under the statute, "copyright management information" includes the name of the author of a work. 17 U.S.C. § 1202(c)(2). To state a valid claim under the DMCA, a plaintiff must allege: (1) the existence of copyright management information on the products at issue; (2) removal or alteration of that information; and (3) that the removal or alteration was done intentionally. *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010).

Longwell alleges: "Upon information and belief, [sic] intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph." Dkt. 1 ¶ 18. Longwell provides no further information in her Complaint. Longwell's counsel, Richard Liebowitz, submitted a declaration in support of the Motion. Dkt. 18-1. In that declaration, Liebowitz avers as follows:

> 5. The Photograph was published by Plaintiff to her website with a "gutter credit" attribution identifying Plaintiff as the photographer.
>
> 6. Defendant then re-published the Photograph on its commercial website, www.travelchoiceglobal.onet (the "Website"). [See Complaint, Exhibit B] Defendant also removed Plaintiff's attribution from the Photograph as it was displayed on the Website.

*Id.* at 2. Once again, Longwell does not allege when the Photograph was published or provide any further information regarding the information Wynd Travel allegedly removed or how it appeared on her website. The copy of the Photograph submitted as Exhibit A to Longwell's Complaint displays neither her name nor any other visible copyright management information:



Although Wynd Travel has admitted all of the well-pleaded allegations in Longwell's Complaint, those allegations are insufficient to support a judgment that Wynd Travel removed copyright management information from the Photograph. Based on the foregoing, the undersigned

7

finds that there is an insufficient basis in the pleadings for judgment on Longwell's claim under 17 U.S.C. § 1202(b).[2]

## IV.     Recommendation

The undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 18) without prejudice.

**IT IS FURTHER ORDERED** that this case be removed from the undersigned's docket and returned to the docket of the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 17, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the undersigned recommends that the motion for default judgment should be denied, the Court does not address appropriate relief.