# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **LAURA LONGWELL,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:19-CV-00557-RP** |
| **WYND TRAVEL CHOICE** | § | |
| **GLOBAL, INC.,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**    UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff's Notice of Motion for Default Judgment, filed April 29, 2021.

Dkt. 35. On November 2, 2021, the District Court referred the motion to the undersigned

Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal

Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States

District Court for the Western District of Texas.

## I.    Background

On May 28, 2019, Plaintiff Laura Longwell filed suit against Defendant Wynd Travel Choice

Global, Inc. ("Wynd Travel") for copyright infringement under Sections 106 and 501 of the

Copyright Act, 17 U.S.C. §§ 106 and 501, and for removal or alteration of copyright management

information under Section 1202(b) of the Digital Millennium Copyright Act ("DMCA"),

17 U.S.C. § 1202(b). Dkt. 1. Longwell subsequently amended her Complaint and removed her

DMCA claim. First Amended Complaint, Dkt. 29.

Longwell alleges that she created a photograph of the town of Fredericksburg, Texas (the

"Photograph"); she is the author of the Photograph; and she has been the sole owner of all right,

title, and interest in and to the Photograph, including the copyright, at all times. *Id.* ¶¶ 9, 11. Longwell alleges that she first published the Photograph on her travel and tourism website on June 14, 2015. *Id.* ¶ 10. Longwell further alleges that the Photograph is registered with the United States Copyright Office, Reg. No. VA 2-150-696. *Id.* ¶ 12. Longwell attached to her First Amended Complaint a copy of the Photograph's Certificate of Registration dated May 7, 2019. Dkt. 29-2 at 2-3.

Longwell now requests a default judgment on her copyright infringement claim. Dkt. 35 at 1. She seeks $3,000 in actual damages for copyright infringement under 17 U.S.C. § 504(b) and $440 in costs pursuant to Federal Rule of Civil Procedure 54(d). *Id.*

Longwell served her Complaint on Wynd Travel on September 9, 2019. Dkt. 7. Wynd Travel has made no appearance and failed to properly plead, respond, or otherwise defend.[1] On May 7, 2020, the clerk of court granted Longwell's motion for an entry of default. Dkt. 17. Longwell then filed a Motion for Default Judgment. Dkt. 18. The District Court adopted the undersigned Magistrate Judge's Report and Recommendation and denied the motion without prejudice due to pleading deficiencies. Dkts. 22, 24. Longwell filed a First Amended Complaint, which was served on Wynd Travel on March 26, 2021. Dkts. 29, 32. Wynd Travel failed to respond to the First Amended Complaint or otherwise defend Longwell's claims.

## II.    Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Pursuant to Federal Rule of Civil Procedure 55(a), the clerk of court must enter a default before a party may obtain a default judgment. After the

---

[1] Wynd Travel's Answer was stricken as impermissibly filed by a pro se corporate defendant. Dkt. 11.

defendant's default has been entered by the clerk, the plaintiff may apply for a judgment based on the default. *Brown*, 84 F.3d at 141. Even where the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998).

### III.    Analysis

Longwell contends that she is entitled to a default judgment because Wynd Travel has not responded to her First Amended Complaint, which was served on March 26, 2021. Dkt. 35 at 1; Dkt. 35-1 ¶¶ 12, 13. An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint adopts or incorporates by reference the earlier pleading. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). When an amended complaint is filed, a "Clerk's Entry of Default based on Defendant's failure to answer or otherwise respond to the original Complaint is likewise a nullity and must be set aside." *U.S. Bank Nat'l Ass'n v. Harris*, No. 4:16-CV-00498-ALM-CAN, 2017 WL 10776031, at *1 (E.D. Tex. Sept. 29, 2017); *see also Winston v. City of Laurel*, No. 2:12cv61-KS-MTP, 2012 WL 5381346, at *2 (S.D. Miss. Oct. 31, 2012) (stating that "the filing of the Amended Complaint mooted the Clerk's Entry of Default" for the original complaint).

The clerk entered default as to Longwell's original Complaint. Dkt. 17. Longwell has not obtained a clerk's entry of default as to her First Amended Complaint. Because Longwell's First Amended Complaint does not adopt or incorporate by reference her original Complaint, Longwell must seek a clerk's entry of default for Wynd Travel's failure to respond to her First Amended Complaint before moving for default judgment. *See Am. Advisors Grp. v. Robinson,* No. 5:19-CV-

71-RWS-CMC, 2019 WL 8331433, at *4 (E.D. Tex. Dec. 30, 2019) (denying motion for default judgment because plaintiff failed to seek clerk's entry of default for amended complaint), *R. & R. adopted*, 2020 WL 1510081 (E.D. Tex. Mar. 30, 2020); *U.S. Bank Nat'l Ass'n*, 2017 WL 10776031, at *2 (denying as moot motion for default judgment absent entry of default for amended complaint), *R. & R. adopted*, 2017 WL 10776030 (E.D. Tex. Oct. 17, 2017). Accordingly, Longwell's Motion for Default Judgment should be denied for failure to comply with Federal Rule of Civil Procedure 55.

## IV.    Recommendation

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Default Judgment (Dkt. 35). The Court **FURTHER RECOMMENDS** that the clerk's entry of default (Dkt. 17) be set aside.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on January 25, 2022.

                                                SUSAN HIGHTOWER
                                                UNITED STATES MAGISTRATE JUDGE